UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:01-CR-173 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| | ) | (Magistrate Judge Smyser) |
| | ) | |
| DION CARRIER | ) | |

## MOTION FOR DETENTION

COMES NOW, the United States of America, by its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and William A. Behe, Assistant United States Attorney, and, pursuant to Title 18, U.S.C., Sections 3142(e) and (f), hereby requests detention of the above-named defendant, and sets forth the following material factors in support thereof:

_X_  1.  That no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

  _X_  a.  Defendant is a danger to any other person or the community, and/or;

  _X_  b.  Defendant is a flight risk.

_X_ 2.   That the government is entitled to a detention hearing based upon the following:

    ___ a.   Defendant is charged with a crime of violence as defined in Title 18 U.S.C. Section 3156; or

    ___ b.   Defendant is charged with an offense for which the maximum sentence is life imprisonment or death; or

    _X_ c.   Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., Section 801 et seq.), or Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., Section 955a); or

    ___ d.   Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraphs a-c above, or two or more state or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to federal jurisdiction had existed or a combination of such offenses; or

   _X_   e.      That a serious risk exists that defendant will flee; or

   ___   f.      That a serious risk exists that defendant will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror.

___   3.      That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that:

   ___   a.      That defendant has been convicted of a federal offense described in paragraphs 2(a)-(d) above, or of a state or local offense that would have been an offense described in paragraphs 2(a)-(d) above if a circumstance giving rise to federal jurisdiction had existed;

   ___   b.      That the offenses described in paragraphs 2(a)-(d) above were committed while defendant was on release pending trial for a federal, state or local offense; and

   ___   c.      A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment for the offenses described in paragraphs 2(a)-(d), whichever is later.

3

_X_ 4. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that there is probable cause to believe that:

    _X_ a. Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., Section 951 et. seq.), Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., Section 955a); or

    ___ b. Defendant committed an offense under Title 18, U.S.C., Section 924(c), that is, defendant did during and in relation to any crime of violence or drug trafficking crime use or carry a firearm or did possess a firearm in furtherance of a crime of violence or drug trafficking crime.

___ 5. A continuance of 3 days is requested for detention hearing based upon the following reasons:

___    6.    Good cause for a continuance in excess of three days exists in that:

                Respectfully submitted,

                THOMAS A. MARINO
                UNITED STATES ATTORNEY

BY: _____
       WILLIAM A. BEHE
       ASSISTANT U.S. ATTORNEY

Dated: **March 29, 2006**