**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO.    1:CR-01-173 |
| | ) (Judge Rambo) |
| v. | ) (Electronically filed) |
| | ) |
| **DION CARRIER** | ) |

**<u>GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR RELIEF
PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)</u>**

AND NOW comes the United States of America, by its undersigned counsel and submits the following Response to the Defendant's Motion for Relief pursuant to Title 18, United States Code, Section 3582(c), setting forth the following material factors in support thereof:

1. The defendant was previously convicted and sentenced for offenses involving the distribution of cocaine base, also known as crack cocaine.

2. The defendant was originally sentenced to a term of 144 months' imprisonment, a sentence which represented the high end of the guidelines imprisonment range which the Court found to be applicable in this case, 151-188 months' imprisonment. Since the guideline imprisonment range exceed the combined statutory maximum sentence for the three counts of conviction 144 months became the guideline range. That guidelines imprisonment range was based upon the Court's finding that the defendant's offense level was 32 and the defendant's criminal history category was VI.

3. Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, Amendment

706, which reduced the guidelines offense level for drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline.

    4. The defendant has now moved pursuant to Title 18, United States Code, Section 3582©, for relief in accordance with this amended guidelines provision.

    5. Upon review of the defendant's motion and the underlying facts of this case, the United States does not believe that the defendant is entitled to relief pursuant to Title 18, United States Code, Section 3582(c). Although:

        A. The defendant was convicted and sentenced for drug trafficking involving cocaine base; and

        B. The defendant's guidelines imprisonment range and sentence were determined based upon the quantity of drugs involved in this offense;

        C. The defendant is a Career Offender, and the sentence imposed in this case was based upon the combined statutory maximum sentence allowed by law.

Additionally, the United States disagrees with the defendant's characterization in his motion to reduce. The offense level was set at 32 because the career offender guideline range was greater than that provided by the offense of conviction, i.e., use of a communication facility to commit a felony drug offense. However, this ignores the fact that, but for the plea agreement, the defendant faced the possibility of conviction for an offense that carried a mandatory minimum term of imprisonment of 10 years up to life. That career offender guideline is offense level 37 and a category VI. With the 3-level reduction for

acceptance of responsibility the defendant, but for the plea agreement, was facing an imprisonment range of 262-327 months.

      6. Pursuant to Title 18, United States Code, Section 3582(c) and Guidelines Amendment 706:

          A. The revised offense level for this defendant appears to be 27,

          B. The defendant's criminal history category remains VI.

          C. The revised guidelines imprisonment range is 130-162 months' imprisonment.

      7. As an aid to the Court, the United States requests that the United States Probation Office prepare a brief addendum to the pre-sentence report, confirming the re-calculated guidelines imprisonment range in this case and describing any public safety factors in this case, as well as the defendant's institutional history. The United States submits that with this addendum to the pre-sentence report, the Court can decide the defendant's motion without the necessity of a hearing or the defendant's presence in Court.

      8. If, upon favorable consideration of the public safety factors and the defendant's institutional history set forth in the addendum to the pre-sentence report, this Court concludes that a sentencing reduction is appropriate pursuant to the standards of U.S.S.G. § 1B1.10, the United States requests that this Court re-sentence the defendant to a sentence that is commensurate with the sentence originally imposed on the defendant for the guidelines range previously applicable in this case. However, as stated, the United States opposes any further reduction because of the benefit the defendant received as a result of the plea bargain as described herein.

9. The defendant has a projected release date of August 12, 2016. If this revised sentence results in the imposition of s term of imprisonment that is satisfied by time-served, the United States requests that this Court direct that the defendant be released ten (10) days from the date of the entry of this re-sentencing order, in order to allow the Bureau of Prisons to complete release planning, conduct the violent sexual offender assessment mandated by law, and obtain any DNA samples required by law.

Respectfully submitted,

MARTIN C. CARLSON
ACTING UNITED STATES ATTORNEY

/s/ WILLIAM A. BEHE

_____
WILLIAM A. BEHE
Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)
717/221-2246 (Fax)
WILLIAM.BEHE@USDOJ.GOV
Bar No. PA-32284

Dated: March 24, 2008

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO.   1:CR-01-173 |
| | ) (Judge Rambo) |
| v. | ) (Electronically filed) |
| | ) |
| **DION CARRIER** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 24th day of March 2008, she served a copy of the attached

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE SECTION 3582(c)

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania and/or by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):
Thomas A. Thornton, Esquire
E-mail: E-mail: thomas_thornton@fd.org


/s/ CYNTHIA A. ZIMMERMAN
_____
 CYNTHIA A. ZIMMERMAN
 Legal Assistant